# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY F. BASTIEN,** | : | |
| Petitioner, | : | CIVIL ACTION NO. 1:11-0036 |
| v. | : | (RAMBO, D.J.) |
| | | (MANNION, M.J.) |
| **RONNIE R. HOLT,** | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION[1]

On January 6, 2011, the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). The gravamen of the petition is that the sentencing court, namely the United States District Court for the Eastern District of New York, lacked jurisdiction over the petitioner. *Id.* As such, the petition presents grounds attacking the petitioner's conviction, the sentence imposed, and/or both. Therefore, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), the court issued an order advising petitioner that: (1) he can have the petition ruled on as filed; (2) have his petition re-characterized as a §2255 motion and heard as such, but in that event he will lose his ability to file a second or successive petition absent

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

certification by the court of appeals; or (3) withdraw his petition and file one all-inclusive §2255 motion within the one-year statute of limitations period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132 (1996). The petitioner was provided a Notice of Election form and, on July 7, 2011, petitioner returned the Notice of Election form and elected to proceed as follows:

> I have not labeled my motion, petition or pleading as a motion to vacate, set aside or correct my sentence under 28 U.S.C. § 2255. I choose to have the court rule on my motion, petition, or pleading as filed. I understand that the failure to bring the motion, petition, or pleading under 28 U.S.C. § 2255 may be a basis for denial or dismissal of the motion, petition, or pleading.

(Doc. No. 13). The filing fee having been paid, (Doc. No. 11), the petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as made applicable to §2241 cases by Rule 1 thereof. 28 U.S.C. foll. §2254.

A motion to vacate sentence pursuant to 28 U.S.C. §2255 is the exclusive means to challenge collaterally a federal conviction or sentence. *See* Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."). As such, an application for a writ of habeas

2

corpus on behalf of a prisoner, who is authorized to apply for relief by a motion pursuant to §2255, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by way of a §2255 motion is inadequate or ineffective to test the legality of his detention.

In order to be able to bring a §2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of §2255, i.e., that the remedy by way of a §2255 motion is inadequate or ineffective to test the legality of his detention. The safety-valve language in §2255 has been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir.1971) (unfavorable legal standards prevailing in circuit where sentencing court located does not render §2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir.1971) (doubts about the administration of a §2255 motion in particular does not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir.1954) (even if the sentencing court incorrectly disposes of a proper motion under §2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition). A prisoner can

3

pursue habeas relief under the safety-valve clause of §2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal. *See Brown v. Mendez*, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001).

A §2255 motion is "inadequate or ineffective" only where a prisoner demonstrates "that some limitation of scope or procedure would prevent a §2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir.1971)(per curiam) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir.1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See id.*; *Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir.1966). It is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.1986). Courts have consistently held that a prior unsuccessful motion to vacate sentence does not render the remedy inadequate or ineffective. *In re Vial*, 115 F.3d 1192 (4th Cir.1997) (stating the remedy afforded by §2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally

4

barred from filing a §2255 motion). Moreover, "[§]2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).

Here, the petitioner has not met the high standard so as to be allowed to proceed under §2241 instead of §2255. In fact, the petitioner has not advanced any arguments as to §2255's inadequacy or ineffectiveness. The petitioner ought to have brought his jurisdictional challenges in a motion under §2255 to the sentencing court, not in a §2241 habeas petition to this court. Accordingly, it appears that the court lacks jurisdiction to entertain the petitioner's petition for writ of habeas corpus pursuant to §2241 and that the petition should be dismissed. *See Levan v. Sneizek*, 325 Fed. Appx. 55, 57 (3d Cir. 2009) (Section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence).

5

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the petitioner's petition for writ of habeas corpus, (Doc. No. 1), be **DISMISSED** for lack of jurisdiction.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**[2]

**Date: July 13, 2011**
O:\shared\REPORTS\2011 Reports\11-0036-01.wpd

---

[2] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.